

**FILED**

*1:35 pm, 4/1/26*

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

---

ARGENIS JESUS VILLALOBOS
PEREZ,

        Petitioner,

    VS.

RICHARD COMO, Officer in Charge of
Sweetwater County Detention Center;
EVAN TJADEN, Acting Field Office
Director, Salt Lake City Enforcement and
Removal Operations, U.S. Immigration
and Customs Enforcement (ICE/ERO);
KRISTI NOEM, Secretary, United States
Department of Homeland Security;
PAMELA BONDI, U.S. Attorney
General,

        Respondents,

Case No.  26-CV-121-ABJ

---

## ORDER GRANTING PETITIONER'S EMERGENCY MOTION TO STAY TRANSFER DURING PENDENCY OF PETITION

This matter is before the Court on Petitioner's Emergency Motion to Stay Transfer During Pendency of Petition. (ECF No. 5). For the reasons stated in Petitioner's motion, the Court GRANTS the motion.

### BACKGROUND

Petitioner Argenis Villalobos is a Venezuelan national who came to the United States in September 2022 to seek asylum. (ECF No. 1 at 1). After crossing the U.S. border, he presented himself to immigration officials who took him into custody and began

removal proceedings under 8 U.S.C. § 1229a. (*Id.*, ¶ 5). He was directed to appear in immigration court in Virginia on January 24, 2023. (*Id.*). Immigration records show Villalobas was granted humanitarian parole and released from custody on September 15, 2022 until November 16, 2022. (*Id.*, ¶ 6). According to Villalobos, he was released into the United States on his own recognizance under 8 U.S.C. § 1226. (*Id.*, ¶ 7). On August 15, 2023, Villalobos filed his asylum application, which remains pending. (*Id.*, ¶¶ 8, 9). As a result of his asylum application, he received work authorization and a social security number in February 2025. (*Id.*). Before his arrest, he lived in Utah with his wife, two daughters, mother, and disabled twin brother. (*Id.*, ¶¶ 10, 11). Since coming to the United States, Villalobos reports he has committed no crimes or done anything that would support disqualifying him from seeking a bond redetermination in immigration court. (*Id.*, ¶ 12).

On March 27, 2026, Villalobos was traveling from Utah to Virginia to start a job as a government contractor. (*Id.*, ¶ 14). While on Interstate 80 in Wyoming, he was pulled over for going 86 mph in a 75 mph zone. (*Id.*, ¶ 15). After Villalobos gave the officer various forms of identification, the officer arrested Villalobos and booked him into the Sweetwater County Detention Center in Rock Springs, Wyoming. (*Id.*, ¶¶ 17, 18). He remains in ICE custody at that facility. (*Id.*, ¶ 19). According to Villalobos, ICE has determined he must be held without the possibility of release on bond and the only way for him to be released from custody is by seeking a writ of habeas corpus. (*Id.*, ¶¶ 20, 21).

On March 31, 2026, Villalobos filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 (ECF No. 1) and the current Emergency Motion to Stay Transfer (ECF No. 5). Villalobos argues the basis for the motion to stay is that if ICE moves him out of

the District of Wyoming, his ability to confer with counsel will be curtailed and his unlawful detention will be prolonged, causing irreparable harm (ECF No. 5 at 1).

### ANALYSIS

The Court has "inherent power to preserve its ability to hear the case." *Alves v. U.S. Dep't of Just.*, 2025 WL 2629763, at *5 (W.D. Tex. Sept. 12, 2025). A petitioner's transfer "to another district could interfere with his access to counsel and ability to participate in the proceedings." *Tran v. Bondi, et al.*, No. CV25-1897-JLR-BAT, ECF No. 6 at 3 (W.D. Wash. Oct. 7, 2025). To preserve this Court's jurisdiction over the pending petition, and to ensure Petitioner has adequate access to counsel, the Court ORDERS Respondents shall not transfer Petitioner to another state or deport him while his § 2241 petition is pending. *See Westley v. Harper*, No. 25 Civ 229, ECF No. 7 (E.D. La. Feb. 2, 2025) (restraining respondents "from (a) attempting to remove petitioner from the jurisdiction of the United States District Court for the Eastern District of Louisiana to any location outside [the] district, and (b) removing petitioner from the United States"); *Campbell v. U.S. Immigr. & Customs Enf't*, No. 20 Civ. 22999, ECF No. 13 (S.D. Fla. July 26, 2020) (granting stay of petitioner's transfer and prohibiting respondent "from transferring Petitioner to another detention facility during the pendency of the stay").

**IT IS THEREFORE ORDERED** Petitioner's Emergency Motion to Stay Transfer During Pendency of Petition (ECF No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents shall not transfer Petitioner to another state or deport him while his § 2241 petition is pending. If Respondents have already moved

3

Petitioner out of this federal district, they are enjoined from moving him again without leave from the Court.

Dated this __1st__ day of April, 2026.

Alan B. Johnson
United States District Judge

4